THE UNITED STATES, APPELLANTS, *vs.* ANDREW BURGEVIN, APPELLEE.

A grant of land in East Florida, by the Spanish governor, on the condition that a water sawmill should be erected on the land, declared void; the condition of the grant not having been performed according to the terms of the grant.

APPEAL from the Superior Court of East Florida.

Andrew Burgevin, on the 21st day of May, 1829, presented a petition to the judge of the Superior Court for the district of East Florida, claiming a tract of land of five miles square, or sixteen thousand acres, situated in the district of East Florida; under a title derived from a grant made to him by the Spanish government. on the 13th day of January, 1818.

The petition addressed by Andrew Burgevin to Governor Coppinger, asked for the grant for the purpose of erecting a water sawmill on the same; with a view not only to remedy the notable want of lumber which is felt at that place, but also to supply the export trade of that article, so much recommended to the government of Florida, by the superior authority of Havana.

The grant was made to Andrew Burgevin, in consideration of the advantages and benefit which the province would receive from the proposed establishment; "with the precise condition that, until he erects said machinery, said grant will be considered as null and void, and without effect or value until such an event takes place."

The answer of the District Attorney of the United States, among other objections to the allowance of the claim, states that the condition of the grant has not been complied with by the grantee— "that the said Andrew Burgevin has not built, constructed, or erected the said water sawmill on the said tract of land; but that he has always hitherto wholly failed and neglected to construct or erect the same, or to comply with and perform the said conditions in any way or manner whatever. The answer denies that the said Andrew Burgevin has been prevented from constructing and erecting said mill and proceeding in the objects of said grant, owing to the general disturbed and unsettled state of the country; and farther, if any such disturbed and unsettled state of the country at any time existed, it was merely temporary, and of very short continuance; whereas, more than eleven years have elapsed (as appears by the showing of the said Andrew Burgevin himself) since the date of the said supposed grant; during any part of which period he might, with due and reasonable diligence, have proceeded to erect and construct the said water sawmill on the said tract of land, in accordance with the objects of said supposed grant."

The Superior Court of East Florida gave a decree in favour of the petitioner, and the United States prosecuted this appeal.

The case was argued by Mr. Grundy, Attorney General of the
VOL. XIII.—H

United States, and Mr. Dent for the appellants; and by Coxe for the appellee.

Mr. Dent for the United States cited The United States vs. Mills's heirs, 12 Peters, 215. The United States vs. Kingsley, 12 Peters, 476. The question before the Court in these cases was precisely the same as that in the present case; and this Court refused to confirm the grant.

This Court has said it will apply the most liberal rules of equity to the condition of Spanish grants; but in this case there is no room for the application of any such rules. The grantee has not performed the condition of the grant; nor did he during all the period which passed after the grant, make an attempt to perform it.

In the United States vs. Kingsley the same excuse for the non-performance was offered: "the disturbed state of the country;" and it was overruled. This grant was made within six months of the cession of Florida to the United States. This Court has allowed six months for the performance of such conditions; and by the Spanish law the same period was allowed.

Coxe for the appellee contended, that the disturbed situation of the country, by Indians, prevented the erection of the mill contemplated by the grantee. He cited Huideköper vs. Douglass, 1 Wash. C. C. R. 258.

The Attorney General, in reply, stated that if this grant should be confirmed, there would be no limitation to claims for lands in Florida. There was a proposition to erect a water sawmill on the land; and the Governor of Florida declared the grant should be void, if the mill should not be erected.

Mr. Justice WAYNE delivered the opinion of the Court.

This is an appeal from the Supreme Court of the Eastern District of Florida, confirming the right of the appellee to a tract of land under a concession or grant from the Governor of Florida, dated before the treaty of the 22d February, 1819, between the United States and Spain.

We think the concession or grant identical with that in Kingsley's case, in 12 Peters, 476; and that it is controlled by the principles laid down by the Court in that case. Kingsley's case was well considered by this Court—has been reconsidered maturely upon the argument of counsel made in the case before us—but we see no reason to modify or change, in any particular, what was then decided; or why this case should be taken out of the application of that case. The decree of the Superior Court of East Florida is therefore reversed.

This cause came on to be heard on the transcript of the record from the Superior Court for the district of East Florida, and was

[The United States *vs.* Andrew Burgevin.]

argued by counsel. On consideration whereof, it is the opinion of this Court, that the petitioner naving failed to fulfil the condition of the grant, that the said grant or concession is null and void; and that the said petitioner has no right or title to the land. Whereupon it is now here decreed and ordered, by this Court, that the decree of the said Superior Court in this cause be, and the same is hereby, reversed and annulled; and that this cause be, and the same is hereby, remanded to the said Superior Court, with directions to enter a decree in conformity to the opinion of this Court.